In re Michael BARTON, Debtor.

Patsy Ramey, Plaintiff,

v.

Michael Barton, Defendant.

No. 03–3356.

United States Bankruptcy Court,
N.D. Ohio.

Feb. 11, 2005.

William H. White, Lima, OH, for debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the Defendant's Response to the Decision and Order entered by this Court wherein it was held that an agreement entered into by the Defendant to pay to the Plaintiff his share of a joint tax obligation to the IRS created a nondischargeable debt under 11 U.S.C. § 523(a)(14). After considering the matter, the Court is not persuaded that this Court's prior Decision and Order was predicated on any substantive errors. Accordingly, this Decision and Order stands. Briefly, the reasons for this decision are set forth below.

As set forth in this Court's prior decision, the purpose of § 523(a)(14) is to

prevent a debtor from substituting an otherwise nondischargeable tax debt for a dischargeable debt. As also set forth, § 523(a)(14) implements this policy by requiring the existence of two elements: (1) the debt was incurred to pay a tax owed to the United States; and (2) the tax owed to the United States would have otherwise been nondischargeable under § 523(a)(1).

 Both at the Hearing and as set forth in his written response, the Defendant's position against the applicability of § 523(a)(14) centered on the second element. In doing so, the Defendant put forth that since the Plaintiff exercised her authority as the Defendant's "power of attorney" in filing those tax returns from which the tax liability at issue arose, he should not be held responsible for the debt. Stated differently, and as taken from his brief in opposition, the Defendant stated that since "the Plaintiff handled all the financial matters of the parties while they were [married, she] would be primarily responsible for the same." (Doc. No. 26, at pg. 2). This position, however, neither has support factually or legally.

Section 6013(d)(3) of the Internal Revenue Code provides that liability on a joint tax return shall be "joint and several." No exception is made simply because, as the Defendant argues, one spouse may have conferred to another a power of attorney. *Casey v. Commissioner,* T.C. Memo.1992–672, 1992 WL 340737.

Moreover, although the effects of the joint and several liability rule are ameliorated by the innocent spouse doctrine, this doctrine only applies if there is an assessment of a tax liability as the result of an understatement of taxes, and it would otherwise be inequitable to hold the other spouse liable for the understatement. Yet here, while an understatement of taxes was originally reported by the Parties, no

tax deficiency exists because the Parties' tax liability was not computed pursuant to an assessment made by the Internal Revenue Service, but simply from the Parties themselves correcting an error in their original reporting of income. Regardless, it cannot be ignored that, at least in part, the error in the Parties' original reporting of income was the result of an understatement of income received by the Defendant, thus making it anything but equitable to provide the Defendant with relief from what is his own tax liability.

Based, therefore, on this analysis, and for those reasons already stated in this Court's prior decision, the Defendant is not entitled to a discharge of his tax debt to the Plaintiff.

Accordingly, it is

***ORDERED*** that the obligation of the Debtor/Defendant, Michael Barton, to the Plaintiff, Patsy Ramey, to pay one-half of the Parties' tax obligation, as having arose from the Parties' judgment entry of divorce (Case No. CI 01–100, Court of Common Pleas of Paulding County, Ohio), be, and is hereby, determined to be a NONDISCHARGEABLE DEBT.